# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| CHAMPLAIN SPECIALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO: 3:23CV-268-RGJ<br>) |
| ALERT PATROL, INC. and BRENDA BROOKS AND JENNY HEINE, as co-administratrix of the Estate of DAVID K. DICKSON, | )<br>)<br>)<br>)<br>) |
| Defendants, | )<br>)<br>) |

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

CHAMPLAIN SPECIALTY INSURANCE COMPANY ("Champlain Specialty") files suit against ALERT PATROL, INC. and BRENDA BROOKS AND JENNY HEINE, as co-administratrix of the Estate of DAVID K. DICKSON, and in support alleges:

## NATURE OF THE ACTION

1. This is an action for damages, and declaratory relief under 28 U.S.C. § 2201. David Dixon was shot and killed by Tavon Parrish, an armed security guard at a convenience store. At the time, Parrish was on parole and it was illegal for him to be carrying a firearm. Alert Patrol, Inc which was hired to provide security guard services at the convenience store, knew it was illegal for Parrish to carry a firearm. Despite its knowledge, Alert Patrol, Inc. allegedly allowed Parrish to provide armed security guard services at the store. Moreover, at the time Alert Patrol, Inc. allegedly did not have a valid armed security guard services license. Parrish and Alert Patrol, Inc. allegedly violated numerous Louisville-Jefferson Metro Code Ordinances.

2. Alert Patrol, Inc. purchased insurance policies from Champlain Specialty that include an Exclusion – Violation of Statutes and Ordinances endorsement. Champlain Specialty initiated this action for a determination that it has no duty to defend or indemnify.

## JURISDICTION AND VENUE

3. Jurisdiction is proper because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

4. Venue is proper in this district because the underlying lawsuit is being litigated in this district, and otherwise, "a substantial part of the events … giving rise to the claim occurred in this district." *See* 28 U.S.C. § 1391(b)(2).

5. All conditions precedent occurred, have been performed, or were waived.

## THE PARTIES

6. Champlain Specialty is a Vermont corporation with its principal place of business in Vermont. Champlain Specialty is accordingly a citizen of Vermont. For purposes of this action, Champlain Specialty issued a surplus lines commercial general liability policy and a commercial excess liability policy to Alert Patrol, Inc. ("Alert Patrol").

7. Alert Patrol is a Florida corporation with its principal place of business in Florida. Alert Patrol is accordingly a citizen of Florida. For purposes of this action, Alert Patrol was sued in the underlying action over the shooting of David Dixon by Tavon Parrish.

8. David Dixon, at the time of his death, was domiciled in Jefferson County, Kentucky. Brenda Brooks and Jenny Heine, as co-administratrix of the Estate of David Dixon (the "Estate"), are citizens of Kentucky.

## THE SHOOTING INCIDENT

9. Alert Patrol is in the business of providing security guard services.

10. On 04/25/2022, Thorntons, LLC hired Alert Patrol to provide security guard services at its property located at 100 West Broadway Street in Louisville, Kentucky 40202 ("Thorntons").

11. According to the Estate, Alert Patrol hired Tavon Parrish to provide armed security guard services at Thorntons.

12. According to the Estate, Alert Patrol knew Parrish was under parole and that it was illegal for him to carry a firearm.

13. According to the Estate, Alert Patrol violated the Louisville-Jefferson Metro Code of Ordinances by hiring Parrish to provide armed security guard services when it was illegal for him to carry a firearm.

14. According to the Estate, on 06/12/2022, Parrish was providing armed services at Thorntons on Alert Patrol's behalf in violation of his parole terms and the Louisville-Jefferson Metro Code of Ordinances.

15. According to the Estate, on 06/12/2022 Parrish shot and murdered Dickson at the Thorntons.

16. According to the Estate, Parrish pled guilty to second-degree manslaughter—wanton conduct for Dickson's death and is now imprisoned in Jefferson County, Kentucky.

17. The Estate filed suit against Alert Patrol. The lawsuit captioned *Brenda Brooks and Jenny Heine, co-administratrix of the Estate of David Dickson v. Alert Patrol, Inc., et al.*, is pending in the United District Court for the Western District of Kentucky, Case Number 3:22-cv-00498-RGJ-CHL. (A copy of the operative pleading is attached as Exhibit "A.")

18. According to the complaint, at the time of Dickson's death, Alert Patrol was operating an armed security guard service without a valid license. (*See* Ex. A., at ¶7.)

19. Alert Patrol allegedly violated the Louisville-Jefferson Metro Code of Ordinances by operating an armed security guard business without a valid license.

20. According to the complaint, Alert Patrol retained Parrish despite knowing he was not licensed as an armed security guard and that he was not legally permitted to carry a firearm. (¶40.)

21. Alert Patrol violated the Louisville-Jefferson Metro Code of Ordinances by retaining Parrish, who was not licensed as an armed security guard and was not legally permitted to carry a firearm, as an armed security guard for Thorntons.

22. According to the complaint, Alert Patrol failed to investigate Parrish's background before hiring him as an armed security guard. (¶42.)

23. Alert Patrol allegedly violated the Louisville-Jefferson Metro Code of Ordinances by failing to investigate Parrish's background.

24. Alert Patrol allegedly did not submit Parrish's background check to the Department of Codes and Regulations before retaining him as an armed security guard, in violation of the Louisville-Jefferson Metro Code of Ordinances.

25. In the complaint, the Estate seeks an award of punitive and/or exemplary damages against Alert Patrol. (¶52.)

26. Alert Patrol tendered the Estate's lawsuit to Champlain Specialty, which is providing Alert Patrol with a defense under a complete reservation of rights.

## THE POLICIES

27. Champlain Specialty issued and delivered a surplus lines commercial general liability ("CGL") policy to Alert Patrol as the Named Insured, bearing Policy Number CSSE-CGL-

0000063-01, and effective from 02/17/2022 to 02/17/2023. (A copy of the CGL policy is attached as Exhibit "B.")

28. The CGL policy includes an Exclusion – Violation of Statutes and Ordinances (Absolute) endorsement, as well as a Punitive or Exemplary Damages Exclusion.

29. Champlain Specialty issued and delivered a surplus lines commercial excess liability ("commercial excess") policy to Alert Patrol as the Named Insured, bearing Policy Number CSSE-CEL-0000064-01, and effective from 02/17/2022 to 02/17/2023. (A copy of the commercial excess policy is attached as Exhibit "C.")

30. The commercial excess provides coverage only to the extent there is coverage under the CGL policy, and has its own Punitive or Exemplary Damages Exclusion.

31. All the terms of the CGL policy and the commercial excess policy, including the Exclusion – Violation of Statutes and Ordinances (Absolute) endorsement and the Punitive or Exemplary Damages Exclusion, were presented to Alert Patrol in Quotes, which Alert Patrol accepted. (A copy of the Quotes are attached as Composite Exhibit "D.")

32. All the terms of the CGL policy and the commercial excess policy, including the Exclusion – Violation of Statutes and Ordinances (Absolute) endorsement and the Punitive or Exemplary Damages Exclusion, were presented to Alert Patrol in a Binder, which Alert Patrol accepted. (A copy of the Binder is attached as Exhibit "E.")

33. Alert Patrol agreed to and accepted all the terms of the policies before they were issued to it by Champlain Specialty.

### COUNT I – VIOLATION OF STATUTE OR ORDINANCES EXCLUSION

34. Champlain Specialty incorporates paragraphs 1 through 33.

35. The CGL policy includes the following exclusion:

# EXCLUSION – VIOLATION OF STATUTES OR ORDINANCES (ABSOLUTE)

This endorsement changes/modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART FORM**

**SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, Item 2. Exclusions** and **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, Item 2. Exclusions** are amended and the following added:

This insurance does not apply to any claim or suit alleging or asserting, in whole or part, "bodily injury," "property damage," or "personal and advertising injury" arising out of any actual or alleged violation of any criminal or penal statutes or ordinances, anti-trust statutes, anti-competitive statutes, unfair competition statutes, unfair business practice statutes or any regulations and rules thereunder.

This exclusion applies:

(a)  whether any insured may or may not be liable as an employer or in any other capacity; and

(b)  to any obligation to contribute to, share damages with, repay or indemnify someone else who must pay damages because of the "bodily Injury," "property damage," or "personal and advertising injury."

It is the intent of this endorsement to exclude from this insurance all claims or suits which advocate any theory of liability, whether sounding in, or alleging tort or contract. There shall further be no duty or obligation on the part of the Company to respond to, indemnify, investigate, or defend any insured with respect to any such claim or suit.

(*See* Ex. B., Form CIS CGL 1065 12 15, at Pg. 1/1.)

36. According to the Estate, Alert Patrol did not have a valid license to operate armed security guard services, in violation of the Louisville-Jefferson Metro Code of Ordinances, on the date Dickson was shot by an armed employee of Alert Patrol.

37. Alert Patrol allegedly violated the Louisville-Jefferson Metro Code of Ordinances when it retained Parrish as an armed security guard despite knowing it was illegal for Parrish to carry a firearm.

38. Alert Patrol further violated the Louisville-Jefferson Metro Code of Ordinances when it retained Parrish to provide armed security guard services at Thorntons before submitting Parrish's background check with the Department of Codes and Regulations.

39. Parrish violated the Louisville Metro Code of Ordinances by providing armed security services without a valid license from the Department of Codes and Regulations.

40. Parrish violated Kentucky law by carrying a firearm when doing so was prohibited under the terms of his parole.

41. Parrish violated Kentucky law and he shot and killed Dixon at Thorntons's premises.

42. Consequently, there is no coverage under the Exclusion – Violation of Statutes of Ordinances endorsement.

## COUNT II – PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION

43. Champlain Specialty incorporates paragraphs 1 through 33.

44. The CGL policy includes the following exclusion:

## EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES

This endorsement changes/ modifies insurance provided under the following:

## COMMERCIAL GENERAL LIABILITY COVERAGE FORM
## PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM

This insurance does not apply to any claim for punitive or exemplary damages, fines or penalties imposed by law, restitution or any damages which are a multiple of, or in addition to, compensatory damages including related interest or costs whether or not such damages, related interest or costs are characterized as punitive or exemplary damages (hereinafter referred to as punitive or exemplary damages). If a "suit" shall have been brought against the insured for a claim falling within the coverage provided under the policy, seeking both compensatory and punitive or exemplary damages, then the company will afford a defense to such action; however, the company shall not have an obligation to pay for any costs, interest, or damages attributable to punitive or exemplary damages.

(*See* Ex. B., Form CIS CGL 1058 12 15, at Pg. 1/1.)

    45.    The commercial excess policy includes a similar exclusion that provides:

## EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES

This endorsement changes/modifies insurance provided under the following:

**COMMERCIAL EXCESS LIABILITY COVERAGE FORM**
**SECTION I – COVERAGES, 2. Exclusions** is amended and the following Exclusion is added:

**Punitive or Exemplary Damages**

This insurance does not apply to any claim for punitive or exemplary damages, fines or penalties imposed by law, restitution, or any damages which are a multiple of, or in addition to, compensatory damages, including related interest or costs, whether or not such damages, related interest, or costs are characterized as punitive or exemplary damages (hereinafter referred to as punitive or exemplary damages). If a "suit" shall have been brought against the Insured for a claim falling within the coverage provided under the Policy, seeking both compensatory and punitive or exemplary damages, then the company will afford a defense to such action, however, the company shall not have an obligation to pay for any costs, interest, or damages attributable to punitive or exemplary damages.

(*See* Ex. C., Form CIS CEL 1004 12 15, at Pg. 1/1.)

    46.    According to the complaint, the Estate is entitled to an award of punitive damages against Alert Patrol.

    47.    Consequently, there is no coverage under the policies' Punitive or Exemplary Damages Exclusion.

## COUNT III – THE EXCESS LIABILITY POLICY

    48.    Champlain Specialty incorporates paragraphs 1 through 33.

    49.    The Insuring Agreement in the commercial excess policy provides:

**SECTION I – COVERAGES**

**1.**    **Insuring Agreement …**

      **b.**    The insurance under this Policy will follow the same provisions, exclusions, conditions and limitations that are contained in the applicable "controlling underlying insurance," unless otherwise directed by this insurance. To the extent such provisions differ or conflict, the provisions of this Policy will apply. However the coverage under this Policy will be no broader than that provided by:

            (1)    The applicable "controlling underlying insurance"; and

            (2)    Any other "underlying insurance."

(*See* Ex. C., Form CIS CEL 0001 12 15, at Pg. 1/7.)

50.    There is no coverage under the controlling underlying insurance, the CGL policy.

51.    Consequently, there is no coverage under the commercial excess policy.

## RELIEF REQUESTED

Champlain Specialty respectfully requests that this Court:

a.    Take jurisdiction and adjudicate the rights of the parties under the policies;

b.    Declare the following:

    i.    There is no coverage under the CGL policy's Exclusion – Violation of Statutes or Ordinances (Absolute);

    ii.    There is no coverage for any punitive damages under the policy's Punitive or Exemplary Damages Exclusion;

    iii.    Because there is no coverage under the CGL policy, there is no coverage under the commercial excess policy;

    iv.    Champlain Specialty is entitled to reimbursement from Alert Patrol of all attorney's fees and costs that Champlain Specialty incurred defending Alert Patrol under a reservation of rights.

c.    Award Champlain Specialty all costs incurred to prosecute this action, as well as any other relief that the Court may deem equitable, just, and proper.

Dated: 05/26/2013

        Respectfully submitted,

        */s/ M. Trent Spurlock*
        M. Trent Spurlock
        Dinsmore & Shohl LLP
        101 S. Fifth Street, Suite 2500
        Louisville, KY  40202
        (502) 540-2572
        (502) 585-2207 – fax
        trent.spurlock@dinsmore.com